**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| Rock Island Auction Company,  *Plaintiff*,  vs.  Bob G. Dean, Jr. & Heritage Auctions, Inc.,  *Defendants*. | Case No. 3:23-cv-2642  **AMENDED COMPLAINT AND PETITION TO CONFIRM ARBITRATION AWARD** |

Petitioner, Rock Island Auction Company ("Rock Island"), pursuant to 9 U.S.C. § 9 of the Federal Arbitration Act ("FAA") and the Texas Uniform Fraudulent Transfer Act, files this Amended Complaint and Petition to Confirm Arbitration Award against Defendant Bob G. Dean, Jr. ("Dean") and Heritage Auctions, Inc. ("Heritage") and states as fol1ows:

**NATURE OF THE ACTION AND PARTIES**

1. This is an action to confirm an arbitration award and asserting violations of the Texas Uniform Fraudulent Transfer Act (the "Complaint"). This action seeks an order from the Court confirming an arbitration award and judgment against Dean in the amount of $1,438,447.25, plus costs, interests, and fees associated with bringing this action.

2. This action also seeks damages for violations of the Texas Uniform Fraudulent Transfer Act.

3. This action also seeks a writ of attachment as a pre-judgment remedy, a temporary restraining order, a preliminary injunction, and a permanent injunction against Dean and Heritage to prevent Dean from dissipating or fraudulently transferring assets in order to attempt to escape the a final award (the "Final Award") issued in the American Arbitration Association (the "AAA").

4. The Complaint further seeks permanent relief in the form of a judgment against Defendant in the amount of $1,438,447.25, plus costs, interests, and fees associated with bringing this Petition.

5. Plaintiff is an Illinois corporation with its principal place of business in the State of Illinois. Plaintiff has registered as a foreign corporation doing business in the State of Texas.

6. Dean is an individual domiciled in Georgia.

7. Heritage is a corporation incorporated in Texas and with its principal place of business in Texas.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because it involves a dispute between citizens of different states and an amount in controversy greater than $75,000, exclusive of interest and costs.

9. This Court has personal jurisdiction over Dean pursuant to the Texas Long-Arm Jurisdiction Statute, Section 17.041 of the Texas Civil Practice and Remedies Code because Dean conducts business in the State of Texas.

10. This Court has personal jurisdiction over Heritage because it is domiciled in Texas.

11. Heritage is joined a necessary party pursuant to Rule 19 of the Federal Rules of Civil Procedure because, as explained in more detail *infra*, it is in contract with Dean and is and will remain in possession of Dean's property as well as proceeds from a sale of said property.

12. This Court has *in rem* jurisdiction over the Antiques (defined herein) because they are currently in the State of Texas and will remain in Texas following the forthcoming auction (described herein).

13. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) and (c).

## FACTUAL BACKGROUND

14. On or about December 1, 2021, Rock Island and Dean entered into a Standard Master Consignment Agreement (the "Consignment Agreement"). See Exhibit 1, Consignment Agreement.

15. The Consignment Agreement contains an arbitration provision that provides that Rock Island and Dean shall submit any "dispute for binding arbitration" with the AAA. See Ex. 1, Consignment Agreement at Attachment B.

16. Among other things, the Consignment Agreement provides Rock Island with a security interest in any consigned property. See Ex. 1, Consignment Agreement at ¶ 4.

17. Pursuant to the Consignment Agreement, Dean consigned to Rock Island, among other things, eight items. See Ex. 1, Consignment Agreement at Schedule A. Additionally, Dean failed to take possession of three items he purchased at a previous Rock Island auction (the eight and three items together as the "11 Items").

18. Dean participated in Rock Island auctions on several occasions, either as a consignor or a bidder, pursuant to the Consignment Agreement.

19. On or about December 3, 2021, Dean successfully bid on certain lots at a Rock Island auction with a value totaling $4,552,178.40.

20. Dean did not make payment to Rock Island for the lots purchased at the December 3, 2021 auction.

21. Following Dean's failure to pay, Rock Island exercised its authority to liquidate or take ownership of the 11 Items.

22. After accounting for the fair market value of the 11 Items, Dean owed Rock Island $1,438,447.25.

**ROCK ISLAND INITIATES ARBITRATION AND PREVAILS AT FINAL HEARING**

23. Based on the foregoing, on February 20, 2023, Rock Island initiated arbitration with the AAA pursuant to the Consignment Agreement.

24. On August 30-31, 2023, Rock Island and Dean, each represented by counsel, participated in a final hearing with the arbitration in the AAA.

25. On November 2, 2023, the arbitrator issued the Final Award attached to this Amended Complaint and Petition as Exhibit 2.

26. Per the Final Award, the Arbitrator awarded to Rock Island $1,438,447.25 and title and ownership to certain 11 Items.

**POST ARBITRATION CONDUCT BY DEAN**

27. To date, Dean has made no attempts to satisfy the judgment in the Final Award.

28. Upon information and belief, Dean claims to be at least $40 million in debt.

29. Upon information and belief, Dean has attempted to hide, fraudulently transfer, and dissipate assets from creditors, and was even held in contempt of court and forced to serve time in jail for refusing to cooperate with inquiries into his assets.

30. Rock Island has learned that Dean intends to sell at least eighteen (18) antique or high-end firearms and knives (the "Antiques") at an auction in Dallas, Texas scheduled for December 11, 2023.

31. Heritage is the auctioneer that will operate and take collection of any proceeds from any sales of the Antiques at the December 11, 2023 in Dallas, Texas.

32. Upon information and belief, Dean has entered into a contract with Heritage to sell the Antiques.

33. Rock Island is not aware of any other assets belonging to Dean that may be used to satisfy the judgment to be entered by this Court based on the Final Award.

34. Upon information and belief, Heritage is currently in possession of the Antiques, and, if the Antiques are not sold, then Heritage will remain in possession of the unsold Antiques for a period of time following the auction.

35. If any of the Antiques are sold at the December 11, 2023 auction, upon information and belief, the proceeds from any such sale would be placed in a Texas branch of a financial institution or a financial institution with an office or branch in Texas, and in an account owned or controlled by Heritage.

36. Upon information and belief, if the Antiques are sold at the auction, Heritage will retain possession of any proceeds from the auction for up to forty-five (45) days before transferring the proceeds to Dean.

37. Dean is attempting to sell the Antiques and—following conveyance of the proceeds to him by Heritage, unless prevented by the Court—abscond with the proceeds in yet another attempt to defraud his creditor Rock Island.

38. Dean is attempting to sell or fraudulently transfer the Antiques in an attempt to hinder, delay, or defraud Rock Island and its ability to enforce and collect on the Final Award and the judgment to be entered by the Court based upon the Final Award.

## FIRST CAUSE OF ACTION
## CONFIRMATION OF AWARD – AGAINST DEAN

39. Plaintiff incorporates by reference the allegations in all preceding paragraphs.

40. Under the Federal Arbitration Act (the "FAA"), the parties have agreed that a judgment of the court shall be entered upon an award made pursuant to an arbitration, then a party may petition a court of competent jurisdiction for an order confirming the arbitrator's Final Award.

41. The Arbitration provision the Consignment Agreement provides that "[j]udgment upon the award rendered by an arbitrator may be entered by any court having jurisdiction thereof." Ex. 1, Consignment agreement at Attachment B.

42. Upon such an application, the court "must grant such an order unless the award is vacated, modified, or corrected. . . ." 9 U.S.C. § 9.

43. Pursuant to the Federal Rules of Civil Procedure a proceeding to confirm an arbitration award is an action that entitles a Plaintiff to any and all permissible pre-judgment remedies.

44. This Court is a court of competent jurisdiction to confirm the Final Award.

**SECOND CAUSE OF ACTION**
**FRAUDULENT TRANSFER IN VIOLATION OF THE TEXAS UNIFORM FRAUDULENT TRANSFERS ACT – AGAINST DEAN AS A DEBTOR AND AGAINST HERITAGE AS TRANSFEREE**

45. Rock Island incorporates by reference all preceding allegations and paragraphs.

46. Pursuant to Section 23.002(3), a "claim" made pursuant to the Texas Uniform Fraudulent Transfer Act ("Texas UFTA") is defined as a "right to payment or property, whether or not the right is reduced to judgment . . . disputed, undisputed, legal, equitable, secured, or unsecured."

47. Rock Island is a "creditor" under the Texas UFTA because it has a "claim."

48. Dean is a "debtor" under the Texas UFTA because he is "a person who is liable under a claim."

49. "Transfer" under the Texas UFTA "means every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with an asset or an interest in an asset, and includes payment of money[.]"

50. Dean has violated Section 24.005 of the Texas UFTA because he has transferred the Antiques to Heritage to be sold to a bidder at a forthcoming action with actual intent to hinder, delay, or defraud Rock Island.

51. Dean is aware of the Final Award against him.

52. Dean has deliberately chosen not to satisfy the Final Award.

53. Instead of attempting to satisfy the Final Award, Dean has transferred the Antiques for purposes of selling the Antiques for value (as defined in Section 24.004 of the Texas UFTA) and absconding with the proceeds.

54. The transfer from Dean to Heritage of the Antiques meets the timing requirements of Section 24.007 of the Texas UFTA.

55. Dean has violated Section 24.006 of the Texas UFTA because the transfer of the Antiques to Heritage for sale occurred while Dean was insolvent (as defined by the Texas UFTA).

56. Texas UFTA specifically permits the remedies of attachment, avoidance of the transfer, and an injunction against the debtor (Dean) or any transferee (Heritage or any purchaser at the auction).

57. Heritage is a transferee under the Texas UFTA and any and all remedies permitted by the Texas UFTA apply to Heritage since it is currently in possession of Dean's property (as defined by the Texas UFTA).

**PRAYER FOR RELIEF**

WHEREFORE, Rock Island seeks the following relief:

1. An Order confirming the Arbitrator's Final Award;

2. An Order finding that Dean violated the Texas UFTA;

3. Judgment against Dean and in favor of Rock Island in the amount of $1,438,447.25;

4. For a temporary, preliminary, and permanent injunction restraining Dean from absconding with the proceeds of the sale of the Antiques or any other items following the December 11, 2023 auction;

5. For a temporary, preliminary, and permanent injunction restraining Heritage from returning any of the Antiques or any other assets of Dean in Heritage's possession to Dean;

6. For a temporary, preliminary, and permanent injunction restraining Heritage from remitting any proceeds to Dean from any sale of the Antiques or any other property of Dean;

7. For a writ of attachment for the Antiques to be specifically described in a forthcoming motion;

8. For a writ of attachment for any Antiques not sold at the December 11, 2023 auction;

9. For a writ of attachment for any proceeds from any sale of the Antiques or any other property of Dean at the December 11, 2023 auction;

10. For pre-judgment and post-judgment interest;

11. For all costs and expenses, including reasonable attorney fees, incurred by Plaintiffs in connection with the prosecution of this action; and

12. For such other and further relief as the Court deems just and proper.

Dated this 8th day of December, 2023.

**BALLARD SPAHR LLP**

/s/ *Russell J. Burke*
Russell J. Burke
Texas Bar No. 24129387
1980 Festival Plaza Drive, Suite 900
Las Vegas, Nevada 89135

*Attorneys for Plaintiff Rock Island Auction Company*