IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROCK ISLAND AUCTION COMPANY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:23-cv-2642-S-BN |
| | § | |
| BOB G. DEAN, JR. AND HERITAGE, | § | |
| AUCTIONS, INC., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Rock Island Auction Company ("Rock Island") has filed a motion to permit service by email or text message, or in the alternative, motion to extend time for service. *See* Dkt. No. 36 ("Motion for Service").

This case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Karen Gren Scholer. *See* Dkt. No. 5.

### Background

Rock Island alleges that Dean purchased lots at a Rock Island auction but failed to make payment. *See* Dkt. No. 1 at 2. Pursuant to the consignment agreement, Rock Island and Dean entered arbitration, and the arbitrator awarded $1,438,447.25 to Rock Island. *See id.* at 3. Rock Island did not receive payment from Dean. *See id.*

Rock Island filed a complaint against Dean requesting a "temporary and permanent injunction restraining Defendant from dissipating assets at a December 11, 2023 auction or via any other manner," a writ of attachment for various

possessions of Dean, pre-judgment and post-judgment interest, and costs and expenses of this suit. *See id.* at 4-5.

## Legal Standards

Federal Rule of Civil Procedure 4(e) provides that "an individual … may be served in a judicial district of the United States by … following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." FED. R. CIV. P. 4(e)(1).

This Court is located in the state of Texas.

Texas Rule of Civil Procedure 106 provides:

(a) Unless the citation or court order otherwise directs, the citation must be served by:
> (1) delivering to the defendant, in person, a copy of the citation, showing the delivery date, and of the petition; or
> (2) mailing to the defendant by registered or certified mail, return receipt requested, a copy of the citation and of the petition.

(b) Upon motion supported by a statement--sworn to before a notary or made under penalty of perjury--listing any location where the defendant can probably be found and stating specifically the facts showing that service has been attempted under (a)(1) or (a)(2) at the location named in the statement but has not been successful, the court may authorize service:
> (1) by leaving a copy of the citation and of the petition with anyone older than sixteen at the location specified in the statement; or
> (2) in any other manner, including electronically by social media, email, or other technology, that the statement or other evidence shows will be reasonably effective to give the defendant notice of the suit.

TEX. R. CIV. P. 106.

And, so, under Texas Rule 106(b), if a plaintiff's attempts to serve a defendant in person or by registered or certified mail are unsuccessful, a court may authorize

substituted service only after receiving the required sworn statement and only in a manner that is reasonably calculated to provide notice. *See* TEX. R. CIV. P. 106(b); *State Farm Fire & Cas. Co. v. Costley*, 868 S.W.2d 298, 299 (Tex. 1993).

If a defendant is absent or a nonresident of Texas, that defendant still may be served in the same manner as a resident defendant. *See* TEX. R. CIV. P. 108.

The Comment to 2020 Change notes that a court may "permit service of citation electronically by social media, email, or other technology. In determining whether to permit electronic service of process, a court should consider whether the technology actually belongs to the defendant and whether the defendant regularly uses or recently used the technology." Order Amending Texas Rules of Civil Procedure 106 and 108a, Misc. Docket No. 20-9103, (Tex. Aug. 21, 2020), https://www.txcourts.gov/media/1449613/209103.pdf.

Courts in this district have permitted substituted service by email, *see Sec. & Exch. Comm'n v. Plummer*, No. 3:21-cv-2331-B, 2022 WL 1643958 (N.D. Tex. May 23, 2022), and by text message, *see Schiff v. Ward*, No. 3:21-cv-1109-M, 2021 WL 8323656 (N.D. Tex. Sept. 29, 2021).

As to the sworn statement requirement, "[t]he court may authorize substituted service pursuant to Rule 106(b) only if the plaintiff's supporting affidavit strictly complies with the requirements of the Rule." *Mockingbird Dental Grp., P.C. v. Carnegie*, No. 4:15-cv-404-A, 2015 WL 4231746, at *1 (N.D. Tex. July 10, 2015) (citing *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990)).

## Analysis

Rock Island requests the Court permit substituted service through email and/or text under Texas Rule of Civil Procedure 106 or, in the alternative, grant an extension of time for service. *See* Dkt. No. 36.

In support of its motion, Rock Island attaches the declaration of its attorney Russell J. Burke stating that Rock Island has attempted personal service on Dean multiple times, including by hiring multiple process servers and private investigators. *See* Dkt. No. 37 at Ex. 1. Burke also states that they attempted to serve Dean at his criminal hearing in Georgia but that he did not appear. *See id.* Rock Island also attaches affidavits from its process servers and private investigators.

Rock Island states that it was able to serve Dean on September 15, 2022, at 3820 Roswell Rd. Unit 317, Atlanta, GA 30324 ("Atlanta address") in an Illinois action. *See* Dkt. No. 37 at Ex. 1, Ex. 2.

In this action, Rock Island attempted to serve Dean six times at the Atlanta address from December 12, 2023 to December 30, 2023. *See id.* at Ex. 1, Ex. 3.

When the process server was able to access the unit, there was no answer at the door, no lights on, and no activity in the unit. *See id.* at Ex. 3.

Rock Island's private investigator attempted to serve Dean at the Atlanta address on January 13, 2024 and January 14, 2024. *See id.* at Ex. 4. The investigator left a paper clip in the door on January 13, 2024 to see if anyone entered the unit, but it was undisturbed on January 14, 2024. *See id.* The investigator spoke with the concierge who said the Dean family had moved. *See id.*

Rock Island had a company conduct a skip trace, which identified a new

address for Dean in New Orleans, Louisiana. *See* Ex. 5.

Rock Island attaches an email from the process server stating that they attempted to serve Dean at 3711 St. Charles Ave, New Orleans, Louisiana 70115 ("New Orleans address") on January 17, 2024 and January 20, 2024 and received no answer or affirmative evidence that Dean lived there. *See id.* at Ex. 6, Ex. 7.

A process server attempted to serve Dean at the New Orleans address on January 27, 2024 and spoke with a person at the address who stated that Dean does not live there anymore. *See id.* at Ex. 8.

Rock Island attempted service at 6815 Goya Avenue, Baton Rouge, Louisiana 70806 on January 26, 2024 and January 27, 2024, which was a locked commercial building. *See id.* They did not encounter anyone. *See id.*

The investigative company identified an upcoming hearing for Dean on February 26, 2024 in Georgia. *See id.* They attempted service at the hearing, but Dean did not appear. *See id.* at Ex. 10.

Burke attempted to contact Dean's criminal defense attorney, but the attorney did not return Burke's calls. *See id.* at Ex. 1. Burke found no other way to get in contact with the attorney. *See id.*

Rock Island attempted to serve Dean at the email he used during arbitration in an Illinois proceeding: 1@deancompanies.com. *See id.* at Ex. 1. They did not receive a response. *See id.* at Ex. 12.

Rock Island identified an additional email – karendean69@gmail.com – that Dean used to correspond with Heritage Auctioneers and Galleries ("Heritage"),

another defendant in this case. *See id.* at Ex. 1. Rock Island attempted to serve Dean at the email but did not receive a response. *See id.* at Ex. 13.

Rock Island spoke with Heritage's counsel and identified a phone number Dean used to correspond with Heritage: 470-925-1004 ("1004 number"). *See id.* at Ex. 1. Rock Island attempted to serve Dean through texting the phone number, but he did not respond. *See id.* at Ex. 14.

Rock Island also spoke with Heritage's counsel and identified an additional email Dean used to communicate with Heritage – karenadean69@gmail.com. *See id.* at Ex. 1. Rock Island attempted to serve Dean at the email, but he did not respond. *See id.*

Rock Island also attaches a declaration of the consignment director at Heritage attesting that Dean contacted him using the 1004 number on February 19, 2024 and February 27, 2024. *See id.* at Ex. 15. Rock Island attaches screenshots of the text messages between Dean and the consignment director. *See id.* Dean gives his email as [karenadean69@gmail.com](mailto:karenadean69@gmail.com) to the consignment director in the text message screenshots. *See id.*

Rock Island has provided detailed information in its motion and attached declarations about its attempts to locate and serve Dean. The Court must look at the affidavits provided by Rock Island to determine if they comply with Texas Rule of Civil Procedure 106(b). *See Mockingbird Dental Grp., P.C. v. Carnegie*, No. 4:15-cv-404-A, 2015 WL 4231746, at *1 (N.D. Tex. July 10, 2015) (citing *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990)) ("The court may authorize substituted service pursuant

to Rule 106(b) only if the plaintiff's supporting affidavit strictly complies with the requirements of the Rule."); *Garrels v. Wales Transportation, Inc.*, 706 S.W.2d 757, 759 (Tex. App. – Dallas 1986, no writ) (an "unsworn motion is not evidence of probative value that the location was the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found").

Under Texas Rule of Civil Procedure 106, a plaintiff must support its motion with "a statement – sworn to before a notary or made under penalty of perjury – listing any location where the defendant can probably be found and stating specifically the facts showing that service has been attempted under (a)(1) or (a)(2) at the location named in the statement but has not been successful." TEX. R. CIV. P. 106(b).

The Court determines that, even when attempting to serve a defendant through email, a plaintiff must still provide a "supporting affidavit [that] 'strictly complies' with Texas Rule of Civil Procedure 106(b)'s requirements." *Taylor v. El Centro Coll.*, No. 3:21-cv-999-D-BH, 2022 WL 581812 (N.D. Tex. Feb. 25, 2022) (cleaned up), *aff'd*, 2022 WL 837210 (N.D. Tex. Mar. 21, 2022).

Courts have not applied a uniform definition of a "place defendant can probably be found" in an affidavit sufficient to show substituted service. While courts have routinely held service by email is appropriate when "(1) the plaintiff made diligent efforts to effect traditional service at a physical address and (2) the defendant recently used the email address," the interaction between these standards and the affidavit requirements is unclear. *Sec. & Exch. Comm'n v. Plummer*, No. 3:21-CV-2331-B, 2022

WL 447077, at *2 (N.D. Tex. Feb. 14, 2022)

Rock Island has sufficiently shown that service through email or text is appropriate. In analyzing whether an email has been recently used, courts have found that communication in the last three months was recent, but communication more than six months from the filing of the motion was not. *See id.* at *3 (finding that the plaintiff did not demonstrate that the person to be served conducts business online or communicated with the plaintiff recently when the last email from the person to be served to the plaintiff was six months before the motion was filed); *Selippos Tech., Ltd. v. First Mountain Bancorp*, No. 4:12-CV-01508, 2013 WL 1181469, at *1, *3 (S.D. Tex. Mar. 20, 2013) (finding that the person to be served had used the email address "recently" when the record indicated email correspondence in the last three months).

While Dean has not responded to the emails or texts from Rock Island, Dean has used the email address karenadean@gmail.com and the 1004 phone number with Heritage in February 2024. *See* Dkt. No. 37 at Ex. 15. This is sufficiently recent to show that service through email or text would "be reasonably effective to give [the party] notice of the suit." *Plummer*, 2022 WL 447077, at *2 (citing *State Farm Fire & Cas. Co. v. Costley*, 868 S.W.2d 298, 299 (Tex. 1993) (per curiam)).

Turning to the requirements of Rule 106, when a plaintiff cannot locate a residence for the defendants, courts have defined a "place where defendant can probably be found" by its plain meaning. *See, e.g.*, *DeRouen v. Pridgen*, No. 13-22-00115-CV, 2023 WL 7399150, at *6 (Tex. App. Nov. 9, 2023) ("Because Pridgen's motion for substitute service did not contain any evidence that DeRouen could

probably be found at the 1402 N. Henry address, we conclude that the trial court erred by granting substitute service[.]"); *James v. John Hancock Life Ins. Co.*, No. EP-22-CV-00436-DCG, 2023 WL 2638275, at *2 (W.D. Tex. Mar. 24, 2023) ("A movant may make this showing by either unequivocally stating that a location complies with Rule 106(b) or proffering 'other evidence of probative force ... stating facts that led the affiant to the belief that the location' complies with the rule.").

The Court believes that Texas law requires it to do likewise and to define "place where defendant can probably be found" by its plain definition.

Because none of the affidavits provided by Rock Island have included a location where Dean can probably be found, because Dean has either moved from the locations of attempted service or the plaintiff was unable to find a suitable address, Rock Island has not submitted an affidavit that has complied with Rule 106.

But Rock Island is not without recourse. Texas Rule of Civil Procedure 109 provides that,

> [w]hen a party to a suit, his agent or attorney, shall make oath that the residence of any party defendant is unknown to affiant, and to such party when the affidavit is made by his agent or attorney, or that such defendant is a transient person, and that after due diligence such party and the affiant have been unable to locate the whereabouts of such defendant, or that such defendant is absent from or is a nonresident of the State, and that the party applying for the citation has attempted to obtain personal service of nonresident notice as provided for in Rule 108, but has been unable to do so, the clerk shall issue citation for such defendant for service by publication. In such cases it shall be the duty of the court trying the case to inquire into the sufficiency of the diligence exercised in attempting to ascertain the residence or whereabouts of the defendant or to obtain service of nonresident notice, as the case may be, before granting any judgment on such service.

TEX. R. CIV. P. 109.

Texas courts have stated the requirements of an affidavit sufficient for Rule 109 as:

> 1) A party or his attorney shall make oath that (2) the Residence of any party defendant is unknown to affiant (and to such party where the affidavit is made by his attorney), or that such defendant is a transient person, (3) AND that after due diligence such party and the affiant have been unable to locate the whereabouts of such defendant, (4) or that such defendant is absent from or is a non-resident of the State, and that the party applying for the citation has attempted to obtain personal service of nonresident notice as provided for in Rule 108, but has been unable to do so. The clerk shall then issue citation for such defendant for service by publication.

*Leithold v. Plass*, 488 S.W.2d 159, 164 (Tex. Civ. App. – Houston [14th Dist.] 1972, writ ref'd n.r.e.).

If a court does authorize citation by publication, then it can also "prescribe a different method of substituted service." TEX. R. CIV. P. 109(a). And "a 109a order authorizing a method of substituted service other than publication could authorize service by the very same method as a 106 order authorizing substituted service." *In Int. of E.D.*, 553 S.W.3d 101, 105 (Tex. App. – Fort Worth 2018, no pet.).

And Rock Island has requested an extension of time for service to serve Dean at his July 2024 criminal trial in Georgia.

"When a district court considers a request to extend time for service, it must first determine whether good cause exists." *Lafdi v. Holman*, No. 3:22-cv-922-S-BK, 2023 WL 2355939, at *2 (N.D. Tex. Jan. 10, 2023), *rep. & rec. adopted*, 2023 WL 2355898 (N.D. Tex. Mar. 3, 2023)

> Good cause under Rule 4(m) requires at least a showing of excusable neglect, in "which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice...." *See Lambert v. United States*, 44 F.3d 296, 299 (5th Cir. 1995) (stating that Rule 4(m) normally requires "some showing of good

faith 'of the party seeking enlargement and some reasonable basis for noncompliance within the time specified.' "); *see Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988) (finding that a plaintiff's pro se status and ignorance of the law does not constitute good cause for failure to effect service in compliance with the rules).

*Lafdi*, 2023 WL 2355939, at *2.

The Court finds that Rock Island has demonstrated good cause to extend time for service until it can serve Dean in person in July 2024. Rock Island has diligently tried to serve Dean during the time allotted for service but has not been able to locate him.

## Conclusion

The Court grants in part and denies in part Rock Island's Motion for Service [Dkt. No. 36]. The Court denies without prejudice substituted service through text or email at this time. But the Court extends the time for Rock Island to serve Dean until **August 1, 2024**.

SO ORDERED.

DATED: April 26, 2024

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE

-11-