IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROCK ISLAND AUCTION COMPANY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:23-cv-2642-S-BN |
| | § | |
| BOB G. DEAN, JR. AND HERITAGE, AUCTIONS, INC., | § | |
| | § | |
| | § | |
| Defendants. | § | |

# MEMORANDUM OPINION AND ORDER ON BANKRUPTCY STAY

Plaintiff Rock Island Auction Company ("Rock Island") has filed a Suggestion of Bankruptcy reporting that, "on June 5, 2024 (the "Petition Date"), Investar Bank, National Association filed an Involuntary Petition against Defendant Bob G. Dean, Jr. ("Debtor") for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Georgia (the "Bankruptcy Court")." *See* Dkt. No. 45 at 1. "[I]n accordance with the automatic stay imposed by operation of Section 362 of the Bankruptcy Code, from and after the Petition Date, no cause of action arising prior to, or relating to the period prior to, the Petition Date, including this action, may be commenced or prosecuted against the Debtor, and no related judgment may be entered or enforced against the Debtor outside of the Bankruptcy Court without the Bankruptcy Court first issuing an order lifting or modifying the automatic stay for such specific purpose." *See id.* at 2.

11 U.S.C. § 362(a)(1) provides for an automatic stay of any judicial "proceeding

against the debtor." "Section 362(a)(3) provides that the filing of a petition 'operates as a[n] [automatic stay] applicable to all entities, of ... any act to obtain possession of property of the estate or of property from the estate'" or "to obtain or exercise control over the property of the debtor." *Matter of S.I. Acquisition, Inc.*, 817 F.2d 1142, 1148 (5th Cir. 1987) (quoting 11 U.S.C. § 362(a)(3)). In short, the automatic stay generally forestalls any action against debtors in bankruptcy. *See Reliant Energy Servs., Inc. v. Enron Can. Corp.*, 349 F.3d 816, 825 (5th Cir. 2003).

Because the claims against Dean in this case are subject to 11 U.S.C. § 362(a)'s automatic stay protections, the Court wishes to obtain their views on the effect of this bankruptcy filing on Plaintiffs' claims against Heritage Auctions, Inc., in light of the automatic stay provisions of Section 362. *See, e.g., Jenkins v. TXS United Hous. Program, Inc.*, No. 3:13-cv-3808-BN, 2014 WL 6084890 (N.D. Tex. Nov. 14, 2014); *Uranga v. Holiday Market, Inc.*, No. 3:13-cv-2213-BN, 2014 WL 349716 (N.D. Tex. Jan. 31, 2014). Rock Island and Heritage must each file a brief explaining their views on this matter by **June 21, 2024**.

SO ORDERED.

DATED: June 7, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE