IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROCK ISLAND AUCTION COMPANY, | § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:23-cv-2642-S-BN |
| BOB G. DEAN, JR. AND HERITAGE, AUCTIONS, INC., | § § § § | |
| Defendants. | § § | |

**MEMORANDUM OPINION AND ORDER ON BANKRUPTCY STAY AND ADMINISTRATIVELY CLOSING CASE**

Plaintiff Rock Island Auction Company has filed a Suggestion of Bankruptcy reporting that, "on June 5, 2024 (the 'Petition Date'), Investar Bank, National Association filed an Involuntary Petition against Defendant Bob G. Dean, Jr. ('Debtor') for relief under Chapter 7 of Title 11 of the United States Code (the 'Bankruptcy Code') in the United States Bankruptcy Court for the Northern District of Georgia (the 'Bankruptcy Court')." *See* Dkt. No. 45 at 1. "[I]n accordance with the automatic stay imposed by operation of Section 362 of the Bankruptcy Code, from and after the Petition Date, no cause of action arising prior to, or relating to the period prior to, the Petition Date, including this action, may be commenced or prosecuted against the Debtor, and no related judgment may be entered or enforced against the Debtor outside of the Bankruptcy Court without the Bankruptcy Court first issuing an order lifting or modifying the automatic stay for such specific purpose." *See id.* at 2.

And, in response to the Court's order seeking its views on the effect of the involuntary bankruptcy petition on Rock Island's claims against defendant Heritage Auctioneers & Galleries, Inc., Rock Island has persuasively explained that, "until such time as the Bankruptcy Court denies entry of an order for relief or enters an order dismissing the Bankruptcy Case, the automatic stay under section 362 of the Bankruptcy Code applies to the claims asserted against Heritage in this case." Dkt. No. 47 at 1-3. And, "[i[n light of the litigation surrounding the involuntary petition that is expected in the Bankruptcy Case, Rock Island proposes filing a status update to advise this Court on the status of the Bankruptcy Case and the continued applicability of the automatic stay by the earlier of September 1, 2024 or twenty-one (21) days after an order for relief is entered in the Bankruptcy Case." *Id.* at 3-4.

The Court agrees with Rock Island's assessment and suggestion and determines that, in the interest of justice and to appropriately control the Court's docket, this case should be stayed so long as the automatic stay as to Defendant Bob G. Dean, Jr. is in effect. After the stay is lifted or no longer in effect, the Court will enter a new scheduling order.

11 U.S.C. § 362(a)(1) provides for an automatic stay of any judicial "proceeding against the debtor." "Section 362(a)(3) provides that the filing of a petition 'operates as a[n] [automatic stay] applicable to all entities, of ... any act to obtain possession of property of the estate or of property from the estate'" or "to obtain or exercise control over the property of the debtor." *Matter of S.I. Acquisition, Inc.*, 817 F.2d 1142, 1148 (5th Cir. 1987) (quoting 11 U.S.C. § 362(a)(3)). In short, the automatic stay generally

forestalls any action against debtors in bankruptcy. *See Reliant Energy Servs., Inc. v. Enron Can. Corp.*, 349 F.3d 816, 825 (5th Cir. 2003).

The Court ORDERS that, because the Rock Island's claims in this case are subject to 11 U.S.C. § 362(a)'s automatic stay protections and, in an exercise of the Court's sound discretion, the case should be stayed, subject to this stay being lifted upon the motion of any party once the 11 U.S.C. § 362 automatic stay is lifted or otherwise no longer in effect and that all pending, unexpired deadlines are terminated.

Rather than abate the case, the Court will administratively close this case so that it does not continue to age. Any case over three years old is considered an "old" case by the Administrative Office and is put on a national report. The age of a case continues to accrue if it is merely stayed or abated; but, if it is administratively closed, the time is tolled with the case's age. The Court administratively closes this case and instructs the United States District Clerk to submit a JS-6 form to the Administrative Office, thereby removing this case from the statistical records. Any party may move to reopen the case and lift the stay as appropriate based on further developments. The right to seek the lifting of the stay and reopening of the case will continue until the earlier of 60 days after the automatic stay as to Defendant Bob G. Dean, Jr. is lifted or no longer in effect.

Rock Island must file a status report to advise the Court on the status of the Bankruptcy Case and the continued applicability of the automatic stay (1) by the earlier of (a) **September 1, 2024** or (b) 21 days after an order for relief is entered in

the Bankruptcy Case and (2) must, so long as the automatic stay as to Defendant Bob G. Dean, Jr. remains in effect, file a supplemental status every **60 days** after the date of filing its previous status to further advise the Court on the status of the Bankruptcy Case and the continued applicability of the automatic stay.

SO ORDERED.

DATED: June 21, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE